# United States Court of Appeals
### For The District of Columbia Circuit

**No. 06-3105**  **September Term, 2007**

06mj00231

**Filed On: December 19, 2007**

[1087266]

United States of America,
    Appellee

    v.

Rayburn House Office Building, Room 2113,
Washington, DC 20515,
    Appellant

    **BEFORE**:    Ginsburg, Chief Judge, and Henderson* and Rogers, Circuit Judges

## O R D E R

Upon consideration of appellee's motion to stay issuance of the mandate, and the opposition thereto, it is

**ORDERED** that the motion be denied. The Government seeks to stay issuance of the mandate so counsel may "consult[] with the Office of the Solicitor General" and that Office may "analyze the issue, finalize its determination [whether to seek a writ of certiorari], and prepare a petition should it determine to do so." We cannot conclude that the Government has established "good cause" for a stay, *see* FED. R. APP. P. 41(d)(2)(A); D.C. CIR. RULE 41(a)(2), where the Government does not explain why it requires more time to consult with the Solicitor General, having already enjoyed in excess of four months on account of its petitions for rehearing and rehearing en banc, and where the party opposing the stay might be prejudiced by a stay. According to Congressman Jefferson, whose prosecution is under way in the district court for the Eastern District of Virginia, the Government has there argued that this court's decision is not preclusive with respect to the admissibility of evidence taken from the Congressman's office because the judgment is not "final."

**Per Curiam**

                        **FOR THE COURT:**
                        Mark J. Langer, Clerk

                BY:

                        Deputy Clerk

*Judge Henderson would grant the motion for the reasons in the attached statement.

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

**No. 06-3105**                                                           **September Term, 2007**

Henderson, Circuit Judge: I dissent from the denial of the motion to stay the mandate. The United States has moved for a stay while it decides whether to file a petition for a writ of certiorari in the United States Supreme Court. We routinely grant such petitions as we recognize that certiorari is not to be lightly sought and that the Solicitor General requires time to make a deliberative decision. In fact, when the motion is unopposed the Clerk of Court is authorized to grant a motion to stay the mandate without consultation with the judges on the panel—and does so as a matter of course. *See* D.C. Cir. Rule 41(a)(2). That a motion is opposed simply shifts the decision to the court; it does not diminish the rationale favoring granting of the stay. Further, the time consumed in the rehearing process is never counted in the certiorari calculation inasmuch as a party is granted a full ninety days to file *following* rehearing disposition and entry of judgment. *See* Sup. Ct. Rule 13; D.C. Cir. Rule 41. Thus, only after rehearing is denied does the question whether to seek certiorari become ripe. Finally, the fact that the government has argued the judgment is not final plainly indicates the Solicitor General intends to seek certiorari review and we should afford him the time he needs to complete his decision. Accordingly, I would grant the motion for stay.